**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| RYAN GILBERTO GARCÍA BARRETO, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03436-MBB |
| | ) | |
| JIM ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Ryan Gilberto Garca Barreto petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). Because Petitioner's detention does not violate the Due Process Clause of the U.S. Constitution or the Immigration and Nationality Act (the "INA"), the petition is DENIED.

**Background**

Petitioner, a citizen of Venezuela, entered the United States at a port of entry, by CBP One appointment, on January 28, 2023. (**Doc. 1**, pp. 2, 3). The Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear after inspecting and releasing him that same day. (***Id***. at 4). Petitioner applied for asylum and withholding of removal. (***Id***.); (**Doc. 1-3**, pp. 4-19). He was granted Temporary Protected Status ("TPS") on July 17, 2024. (**Doc. 1**, p. 4); (**Doc. 1-3**, pp. 23-46). On June 30, 2026, Petitioner was arrested by state police and subsequently taken into custody by Immigration and Customs Enforcement ("ICE"). (**Doc. 1**, p. 5). He is currently detained at Greene County Jail in Springfield, Missouri. (***Id***.). Petitioner requests the Court order his immediate release. (***Id***. at 11).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges regarding the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). "Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief." ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979). Petitioner fails to carry the burden. His mandatory detention does not violate the Due Process Clause or the INA.

### I. Petitioner's detention does not violate procedural due process because his release after conditional parole does not create a protected liberty interest and the legislative scheme permits it.

Petitioner asserts that his detention violates procedural due process. (**Doc. 1**, pp. 6-7). He claims that DHS's earlier decision to release him on conditional parole "created a protected liberty interest" that "[t]he government could not extinguish [] without process." (***Id.*** at 6). The Government concedes that Petitioner was previously granted conditional parole. (**Doc. 6**, p. 10). But neither conditional parole nor TPS bestows admission. *See* ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021) (holding that an alien lawfully present in the United States had not been admitted). And the Government may detain him "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). The legislative scheme gives the Government discretion to revoke parole and detain an alien. *See* **8 U.S.C. § 1182(d)(5)(A)**; **8 U.S.C. § 1226(b)**. The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. Aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute." *See* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 107 (2020). Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A), which requires detention pending removal proceedings. He acknowledges that § 1225(b)(2)(A) applies to him and does not ask the Court to disregard the Eighth Circuit's binding decision in *Avila v. Bondi*,

170 F.4th 1128 (8th Cir. 2026), regarding the applicable statutory scheme. (**Doc. 1**, pp. 8-9). Because the legislative scheme provides for mandatory detention, procedural due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

Petitioner also asserts "the Government never applies the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) balancing test." (**Doc. 7**, p. 11). But that test does not apply. The Eighth Circuit decision in *Baynee* controls, and *Mathews* is not the governing framework here. *See* ***Baynee***, 115 F.4th at 932.

## II. Petitioner's continued detention does not violate substantive due process because it does not implicate a fundamental right.

The Fifth Amendment "forbids the government to infringe certain 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993). Fundamental liberty interests are those that are "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). If a petitioner raises a substantive due process claim, they must carefully describe the fundamental liberty interest at issue. ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). A statute regulating liberty interests that are not fundamental must merely be "rationally related to legitimate government interests" to be constitutional. ***Id.*** at 728. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." ***Zadvydas***, 533 U.S. at 690 (citation omitted). Detention during removal proceedings is "a constitutionally valid aspect of the deportation process" because Congress can make rules regarding aliens that would not be acceptable if applied to citizens. ***Demore v. Kim***, 538 U.S. 510, 523-26 (2003).

Petitioner argues that his detention serves neither the purpose of preventing flight nor protecting the community from danger. (**Doc. 1**, p. 8). He further asserts that "[d]etaining him 800 miles from home with no individualized justification is punitive in effect." (***Id.***). But he fails to provide a "careful description" of the fundamental liberty interest implicated by his detention. *See* ***Glucksberg***, 521 U.S. at 721. Removable aliens do not have a fundamental liberty interest in release pending deportation proceedings; before 1907, there was no provision permitting bail for *any* aliens during this period. *See* ***Demore***, 538 U.S. at 523, n.7. *See also* ***Romero v. Brown*** 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). The Eighth Circuit has held detention pending removal proceedings constitutional when "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 931-33. Detention pending removal proceedings is rationally related to a legitimate government interest: successful removal of inadmissible aliens who are ordered removed. *See* ***Demore***, 538 U.S. at 528.

### III. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in

immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

Petitioner argues that "as a long-term resident in ordinary removal proceedings under § 240, he is properly detained under Section 1226(a) and entitled to a bond hearing." (**Doc. 1**, p. 8). He acknowledges that *Avila* binds the Court on the statutory question but "does not concede that his CBP One presentation places him within § 1225(b)(2)(A)." (***Id.*** at 9). He specifically argues "[t]he government cannot invoke 8 U.S.C. § 1226 to justify the arrest and 8 U.S.C § 1225 to deny the hearing." (**Doc. 7**, p. 13). But he is present in the United States without having "made lawful entry into the country." *See* ***Avila***, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A). And DHS may revoke conditional parole granted under Section 1226(a) "at any time." **8 U.S.C. § 1225(b)**. "[T]he mere failure of [DHS]" to initially detain him under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act." *See* ***Avila***, 170 F.4th at 1137 (internal quotation marks omitted). As the Eighth Circuit recently emphasized, "the authority granted by Congress cannot evaporate through lack of administrative exercise." ***Id.***

## Conclusion

Petitioner is an "applicant for admission" who is "seeking admission" under Section 1225(b). His mandatory detention does not violate due process or the INA. The Petition for a Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2026